**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GILDERSLEEVE HOLDINGS AG LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:10-cv-00031 |
| AUTOZONE, INC., | § § | **JURY TRIAL DEMANDED** |
| THE KROGER CO., | § | |
| CLASSMATES MEDIA CORP., | § | |
| MYLIFE.COM, INC., | § | |
| IMEEM, INC., | § | |
| THE HOME DEPOT, INC., | § | |
| O'REILLY AUTOMOTIVE, INC., | § | |
| MICHAELS STORES, INC., | § | |
| THE CONTAINER STORE, INC., | § | |
| LOWE'S COMPANIES, INC., and | § | |
| THELADDERS.COM, INC. | § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Gildersleeve Holdings AG LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against AutoZone, Inc., The Kroger Co., Classmates Media Corp., MyLife.com, Inc., Imeem, Inc., The Home Depot, Inc., O'Reilly Automotive, Inc., Michaels Stores, Inc., The Container Store, Inc., Lowe's Companies, Inc., and TheLadders.com, Inc. (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action to stop Defendants' infringement of

Plaintiff's United States Patent No. 7,000,183 entitled "Method and Apparatus for Viewer-Specific Presentation of Information" (the "'183 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 1224 Mill Street, Building B, Suite 212, East Berlin, Connecticut 06023. Plaintiff is authorized to do business in Texas. Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3.      Upon information and belief, AutoZone, Inc ("AutoZone") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 123 South Front Street, Memphis, Tennessee 38103.

4.      Upon information and belief, The Kroger Co. ("Kroger") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45201.

5.      Upon information and belief, Classmates Media Corp. ("Classmates") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 21301 Burbank Boulevard, Woodland Hills, California 91367.

6.      Upon information and belief, MyLife.com, Inc. ("MyLife") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2118 Wilshire Box 1008, Santa Monica, California 90403.

7.     Upon information and belief, Imeem, Inc. ("Imeem") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 139 Townsend Street, Suite 400, San Francisco, California 94107.

8.     Upon information and belief, The Home Depot, Inc. ("Home Depot") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2455 Paces Ferry Road Northwest, Atlanta, Georgia 30339.

9.     Upon information and belief, O'Reilly Automotive, Inc. ("O'Reilly Automotive") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 233 South Patterson, Springfield, Missouri 65802.

10.    Upon information and belief, Michaels Stores, Inc. ("Michaels") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8000 Bent Branch Drive, Irving, Texas 75063.

11.    Upon information and belief, The Container Store, Inc. ("Container Store") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 500 Freeport Parkway, Coppell, Texas 75019.

12.    Upon information and belief, Lowe's Companies, Inc. ("Lowe's") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

13.    Upon information and belief, TheLadders.com, Inc. ("TheLadders") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at137 Varick St., 8th Fl., New York, New York 10013.

## JURISDICTION AND VENUE

14.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15.     The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

16.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

17.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

18.    The '183 patent was duly and legally issued by the United States Patent and Trademark Office on September 5, 2000 after full and fair examination.  Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants, and possesses all rights of recovery under the '183 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

19.    Upon information and belief, AutoZone has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.autozone.com.  Upon information and belief, AutoZone has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

20.    Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.kroger.com.   Upon information and belief, Kroger has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

21.     Upon information and belief, Classmates has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.classmates.com.  Upon information and belief, Classmates has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

22.     Upon information and belief, MyLife has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.mylife.com.   Upon information and belief, MyLife has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

23.     Upon information and belief, Imeem has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.imeem.com.   Upon information and belief, Imeem has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

24.     Upon information and belief, Home Depot has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling

6

(directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.homedepot.com.  Upon information and belief, Home Depot has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

25.    Upon information and belief, O'Reilly Automotive has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.oreillyauto.com.   Upon information and belief, O'Reilly Automotive has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

26.    Upon information and belief, Michaels has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.michaels.com.  Upon information and belief, Michaels has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

27.    Upon information and belief, Container Store has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States,

systems and methods for viewer-specific presentation of information, including via the website http://www.containerstore.com. Upon information and belief, Container Store has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

28.     Upon information and belief, Lowe's has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.lowes.com. Upon information and belief, Lowe's has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

29.     Upon information and belief, TheLadders has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.theladders.com. Upon information and belief, TheLadders has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent, in this district and elsewhere in the United States.

30.     Upon information and belief, to the extent any Defendants lacked actual knowledge of the '183 Patent prior to this lawsuit, at a minimum they had constructive notice of the '183 Patent by operation of at least 35 U.S.C. § 287.

31.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

32.     Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.     Defendants' infringement of Plaintiff's exclusive rights under the '183 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

34.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '183 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B.    An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C.    That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '183 patent;

E.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F.    Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: January 26, 2010

/s/ William E. Davis, III
William E. Davis, III
TX State Bar No. 24047416

**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com

**ATTORNEY FOR PLAINTIFF**

11